

# OFFICE OF

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 24, 1947

Hon. R. A. Barton
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Sir:

Opinion No. V-151

Re: Whether or not the Comptroller of Public Accounts can pay sheriff fees under the facts presented.

Your letter requesting an opinion from this Department on the above subject matter is as follows:

"I desire to request an opinion regarding the right of the Calhoun County Sheriff, Mr. Leonard Fisher, to receive payment from the State of Texas for fees due his office growing out of two cases:

"Case No. 1061, a criminal case, wherein execution was had on the 9/26/44. Indictment was returned 11/13/44 and the cause disposed of 11/18/46.

"Case No. 1068, a criminal case wherein execution was had on the 8/5/45, indictment returned 11/21/45, final disposition on the 12/3/46.

"Mr. George Sheppard has by letter attached of January 17th, 1947 denied payment of certain items. The first case was the charge of passing a forged instrument; the second for the sale of mortgaged property. Both cases were disposed of by dismissal on motion of the District Attorney. It is true that neither case was a reducible case as provided by article 1027 V. C. C. P. However in this county and district the District Judge has heretofore refused to approve any fees until the case under indictment was disposed of. For that reason it has been impossible for the sheriff's department to submit to the Comptroller his statement of fees due within a year from the date of

indictment or execution, unless the case
was disposed of within that time.

"Under that state of facts.it is un-
just to deny this claim for fees. I find
no cases as to when a fee may become due.
Certainly a fee that does not have the Dis-
trict Judge's approval certainly is not
due. There is no mandatory requirement
upon the judge to approve a fee in such
causes until after final disposition.

"Under those facts is the sheriff of
Calhoun County not entitled to his fees."

We quote the following from a letter written
to the sheriff by Hon. George H. Sheppard, Comptroller:

"I hereby acknowledge receipt of your
District Court Account for the November 1945
and November 1946 Terms of Court submitted in
the amount of $161.20.

"In Case No. 1061 I note that the service
was performed September 26, 1944, and as the
offense was of a non-reducible nature, and
the claim should have been presented to this
office within twelve months from the end of
that Term of Court. In Case No. 1068, the
offense was of a non-reducible nature and
the claim should have been presented within
one year from the end of the April, 1945,
Term of Court. Your account will be reduced
by $4.00 and $110.20 on the above cases. I
wish to call to your attention regarding the
above cases, Article 1027, V.C.C.P. and Ar-
ticle 1035 V.C.C.P. If any dates or terms
of court submitted on the above cases are in
error, do not hesitate to notify me.

"I am enclosing Warrants Nos. 333910 for
$33.50 and 333923 for $13.50 in payment of the
above cases."

Article 1035, V. C. C. P., prior to being
amended in 1931, provides:

"The Comptroller upon the receipt of such
claim, and said certified copy of the minutes

of said court, shall closely and carefully
examine the same, and, if correct, draw his
warrant on the State Treasurer for the amount
due, and in favor of the officer entitled to
the same. If the appropriation for paying
such accounts is exhausted, the Comptroller
shall file the same away, if correct, and
issue a certificate in the name of the of-
ficer entitled to the same, stating there-
in the amount of the claim and the character
of the services performed. All such claims
or accounts not sent to or placed on file in
the office of the Comptroller within twelve
months _from the date of the final disposition_
_of the case_ in which the services were render-
ed, shall be forever barred." (Underscoring
ours)

Article 1035, V. C. C. P., as amended by Acts
1931, 42nd Legislature, p. 239, provides:

"The Comptroller upon the receipt of such
claim, and said certified copy of the minutes
of said Court, shall closely and carefully ex-
amine the same, and, if he deems the same to be
correct, he shall draw his warrant on the State
Treasurer for the amount found by him to be due,
and in favor of the officer entitled to the
same. In the appropriation for paying such ac-
counts is exhausted, the Comptroller shall file
the same away, if found to be correct, and is-
sue a certificate in the name of the officer
entitled to the same, stating here the amount
of the claim and the character of the services
performed. All such claims or accounts not
sent to or placed on file in the office of the
Comptroller within twelve (12) months _from the_
_date the same becomes due and payable_ shall be
forever barred." (Underscoring ours)

Article 1027, V. C. C. P., provides:

"In all cases where a defendant is in-
dicted for a felony but under the indictment
he may be convicted of a misdemeanor or a
felony, and the punishment which may be as-
sessed is a fine, jail sentence or both such
fine and imprisonment in jail, the State shall

pay no fees to any officer except where
the defendant is indicted for the offense
of murder, until the case has been finally
disposed of in the trial court. . . . "

It will be noted that prior to the 1931
amendment Article 1035 provided that all claims in
"non-reducible" cases not sent to or placed on file
in the Comptroller's office within twelve (12) months
from the date of final disposition of the case, would
be forever barred. The 1931 amendment to Article 1035
changed this provision to provide that all claims or
accounts in non-reducible cases not sent to or placed
on file in the Comptroller's office within twelve
months from the date the same became due and payable
will be forever barred.

Article 1027 provides that in "reducible"
cases (except murder) no fees shall be paid by the State
to any officer until the case has been finally disposed
of in a trial court. Said provision implied that in all
other cases fees would become due and payable prior to
the disposition of the case. This implication becomes
stronger when construed in the light of the 1931 amend-
ment to Article 1035. The Legislature, by said amend-
ment, changed the date from which limitation would be-
gin to run in "non-reducible" cases to the date the
claim became due and payable instead of the date of
the final disposition of the case in which the services
were rendered. Therefore, the Legislature has now made
it mandatory that all claims in "non-reducible" cases
not filed with the Comptroller within twelve months
from the date the same becomes due and payable shall be
forever barred.

There is no indication from your letter that
the claims for fees were submitted to the District Judge
for his approval prior to the final disposition of the
case. If the claims had been submitted to the District
Judge and the District Judge had refused to approve
same, the sheriff would have had his remedy in court as
set out in Binford vs. Robinson, 244 S. W. 807.

Since the claims presented to the Comptroller
were based on offenses of a "non-reducible" nature,
such claims should have been presented to the Comptroller
within twelve months from the date the same became due
and payable. The Comptroller has consistently and un-
iformly construed the language "from the date the same
becomes due and payable" in such cases as meaning the
close of each term of court after the service by the

sheriff has been rendered. This construction is based
on the provisions of Article 1028, V.C.C.P., which
provides:

> "All fees accruing under the two suc-
> ceeding articles shall be due and payable
> at the close of each term of the district
> court, after being duly approved, except
> as provided for in subdivisions 7 and 8
> of said articles, which shall be paid
> when approved by the judge under whose
> order the writ was issued."

We quote the following from 39 Texas Juris-
prudence, pp. 235-237:

> "The courts will ordinarily adopt and
> uphold a construction placed upon a statute
> by an executive officer or department charged
> with its administration, if the statute is
> ambiguous or uncertain, and the construction
> so given it is reasonable . . . The rule
> above stated is particularly applicable to
> an administrative construction of long
> standing . . . or where a law that has been
> uniformly construed by those charged with
> its enforcement has been reenacted without
> a change of language."

In view of the foregoing, it is our opinion
that the claims for fees by the sheriff mentioned in
your request are forever barred by virtue of the manda-
tory provisions of Article 1035, V. C. C. P.

## SUMMARY

Fees of a sheriff based upon claims
for services rendered in "non-reducible"
cases become due and payable at the end
of the term of court in which the ser-
vices were rendered, and all such claims
not filed with the Comptroller within

twelve (12) months from the date the
claims become due and payable are for-
ever barred. Articles 1027, 1028 and
1035, V. C. C. P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Bruce Allen
Assistant

By

John Reeves
Assistant

APPROVED APR. 24, 1947

JR:djm:mrj

ATTORNEY GENERAL